UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FIRKON JAMES, | : | |
| Petitioner, | : | Civ. No. 18-12913 (NLH) |
| v. | : | OPINION |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

APPEARANCE:
Firkon James, NO. 20372-055
FCI – Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro se

HILLMAN, District Judge

Petitioner Firkon James, seeks to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prepayment of fees or security and seeks to proceed in forma pauperis. See ECF No. 1 (petition), 1-1 (IFP application).

Filing Fee

The filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas corpus and seeks to proceed in forma pauperis, that petitioner must submit (a) an

affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification. If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. Civ. R. 81.2(c).

Here, although Petitioner has submitted a one-page request to proceed in forma pauperis, see ECF No. 1-1, he has not filled out the required affidavit of poverty form that allows the Court to assess Plaintiff's indigency, nor has Petitioner submitted the required certification. Therefore, pursuant to Local Rule 81.2(c), Petitioner's application to proceed in forma pauperis will be denied.

Conclusion

For the reason set forth above, the application to proceed in forma pauperis will be denied without prejudice and the Clerk of Court will be ordered to administratively terminate this

action.[1]  Petitioner will be granted leave to apply to re-open within thirty (30) days.  An appropriate Order will be entered.

Dated: September 28, 2018            s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).