```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
_____
                                    :
FIRKON JAMES,                       :
                                    :
        Petitioner,                 :   Civ. No. 18-12913 (NLH)
                                    :
    v.                              :   OPINION
                                    :
UNITED STATES OF AMERICA,           :
                                    :
        Respondent.                 :
_____ :
```

APPEARANCES:

Firkon James
20372-055
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    Petitioner Pro se

Craig Carpenito, United States Attorney
John T. Stinson, Jr., AUSA
Office of the U.S. Attorney
District of New Jersey
402 East State Street
Room 430
Trenton, NJ 08608

    Counsel for Respondent

HILLMAN, District Judge

    Petitioner Firkon James, a prisoner presently confined at FCI Fort Dix, New Jersey, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his sentence is invalid in light of Rosales-Mireles v. United States, 138 S. Ct. 1897 (2018) and Mathis v. United States, 133 S. Ct. 2276 (2016). ECF No. 1. Respondent filed a motion to dismiss arguing that

the Petition should be dismissed for lack of jurisdiction. ECF No. 18. Petitioner opposes the motion to dismiss. ECF No. 20. The motion is now ripe for disposition. For the reasons that follow, the Court will grant the motion to dismiss.

I.  BACKGROUND

Petitioner pled guilty to conspiracy to possess with intent to distribute 280 grams or more of cocaine base, 21 U.S.C. § 846, on September 17, 2012, in the United States District Court for the Western District of New York. ECF No. 1-4; see also United States v. James, 6:11-cr-06160 (W.D.N.Y. Sept. 17, 2012) (ECF No. 48). Petitioner had previously been convicted of criminal sale of a controlled substance in the fifth degree, N.Y. Penal Law § 220.31 and criminal possession of a controlled substance in the fifth degree, N.Y. Penal Law § 220.06. ECF No. 1 at 8. One provision of the plea agreement acknowledged that "the government will file an information pursuant to Title 21, United States Code, Section 851 alleging one of the defendant's prior drug felony convictions as the basis for the imposition of the enhanced penalties provided for in Title 21, United States Code, Section 841(b)(1)(A)." ECF No. 1-4 at 2. "The defendant admits that the defendant has a prior drug felony conviction which subjects the defendant to the enhanced penalties provided for in Title 21, United States Code, Section 841(b)(1)(A)." Id.

Petitioner and the United States agreed to an adjusted offense level of 38, bringing the level to 36 after the two points deduction for acceptance of responsibility. Id. at 5-6. The parties also agreed that Petitioner had a level IV criminal history category. Id. at 6. "It is the understanding of the government and the defendant that, with a total offense level of 36 and a criminal history category of IV, the defendant's sentencing range would be a term of imprisonment of 262 to 327 months . . . ." Id. at 7. "Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a 300 month term of imprisonment as part of the appropriate sentence in this case." Id.

At sentencing, the court noted that "were it not for Mr. James being deemed a career offender, he would have a criminal history of IV and the offense level 36" as stipulated in the plea agreement. ECF No. 1-6 at 3. The court noted that the Probation Office "determined that based on Mr. James' significant prior record and specifically the fact he has two prior countable drug convictions . . . both New York state felony drug convictions . . . under the Guideline Section 4B1.1(b) his criminal history jumps from IV to VI, which makes the guideline range jump from 324 to 405 months." Id. at 3-4.

3

Petitioner objected to the career offender designation. Id. at 4.

The court noted that Petitioner "is a career offender, I make that finding, but it has little effect on Mr. James here." Id. at 5-6. Ultimately, the court decided to "accept the Rule 11(c)(1)(C) commitment and impose the 300 month sentence, which as I say again, is lesser than what Probation believed the guideline range called for, and will follow the arrangement, the plan and determination that the parties reached where the guideline range provided for a 262 to 327 sentence, and this one of 300 is within that range." Id. at 8; see also Judgment of Conviction, United States v. James, 6:11-cr-06160 (W.D.N.Y. Sept. 4, 2013) (ECF No. 79); ECF No. 1-7. Petitioner filed an appeal in the United States Court of Appeals for the Second Circuit, but it was dismissed when Petitioner moved to withdraw his appeal. United States v. James, No. 13-3498 (2d Cir. June 9, 2014) (ECF No. 49) (dismissing appeal pursuant to Fed. R. App. P. 42).

Petitioner subsequently filed a motion to withdraw his guilty plea and a motion to modify his sentence under 28 U.S.C. § 1651(a) in the district court. ECF No. 1 at 2. The court denied those motions. Id. He later filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) based on amendments to the sentencing guidelines. Id. at 3. The trial

4

court granted that motion and reduced his sentence by eight months.  Id.  The Second Circuit denied Petitioner's appeal.  United States v. James, 702 F. App'x 24 (2d Cir. 2017), cert. denied, 138 S. Ct. 2619 (2018).  A motion filed under 28 U.S.C. § 2255 was also denied by the trial court on July 1, 2016.  United States v. James, 6:11-cr-06160 (W.D.N.Y. July 1, 2016) (ECF No. 122).  The Second Circuit denied a certificate of appealability.  James v. United States of America, No. 16-3043 (2d Cir. Mar. 24, 2017) (ECF No. 48).

Petitioner filed this habeas corpus petition under 28 U.S.C. § 2241 on August 17, 2018.  ECF No. 1.  He argues that an "intervening change in law or statutory interpretation rendered my mandatory minimum enhanced penalty under 21 U.S.C. § 851, and my designation as a career offender under U.S.S.G. § 4B1.1 constitutionally invalid."  Id. at 6.  He relies on Rosales-Mireles v. United States, which held that an error in guideline calculation "will in the ordinary case . . . seriously affect the fairness, integrity, or public reputation of judicial proceedings, and thus will warrant relief" under Federal Rule of Criminal Procedure 52.  138 S. Ct. 1897, 1903 (2018).  He also asserts his prior convictions under New York state law "do not qualify as predicate offenses for either statutory or guideline enhancement purposes" due to the Supreme Court's decision in

5

Mathis v. United States, 133 S. Ct. 2276 (2016). ECF No. 1 at 8-9.

Respondent United States now moves to dismiss the petition based on a lack of jurisdiction under § 2241. ECF No. 18. It argues the claims raised in the petition may only be brought in a § 2255 proceeding and that Petitioner does not qualify for the savings clause of § 2255(e). Petitioner opposes the motion. ECF No. 20.[1]

---

[1] Petitioner also objects to this Court's order denying his motion for contempt, ECF No. 17, and argues that the United States should not be permitted to have "a second bite of the apple" by moving to dismiss his petition. ECF No. 20 at 2. Petitioner argues the motion should be dismissed because the initial request to file a motion to dismiss was via letter, not a motion. Id. "[D]istrict courts have wide discretion in the management of their cases." United States v. Wecht, 484 F.3d 194, 217 (3d Cir. 2007), as amended (July 2, 2007). See also Yakowicz v. Pennsylvania, 683 F.2d 778, 784 (3d Cir. 1982) (referring to the "broad powers with respect to timing and other considerations that [the district court] has generally in the management of the cases before it as they proceed through the various stages before and during trial"). "Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'" Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (quoting Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977)). "Indeed, a court might well abuse its discretion if it refused to permit respondent to address a lack of jurisdiction to hear the case, since the matter of the court's subject matter jurisdiction may be raised at any time." Nelson v. Ortiz, No. 17-10526, 2019 WL 1199012, at *2 (D.N.J. Mar. 14, 2019) (citing Fed. R. Civ. P. 12(h)(3)), aff'd sub nom. Nelson v. Warden Fort Dix FCI, 787 F. App'x 800 (3d Cir. 2019) (per curiam). "Petitioner's due process rights are not implicated by the Court's managerial decision because he had

6

II. DISCUSSION

    A. Legal Standard

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

    B. Analysis

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).[2] A challenge to the validity

---

notice of the motion to dismiss and an opportunity to respond to the motion . . . ." Id.

[2] "Execution of the sentence" has been defined by the Third Circuit as "where the BOP's execution of a prisoner's sentence somehow conflicts with a command or recommendation in the sentencing judgment." Wragg, et al., v. Ortiz, et al., No. 20-5496, ___ F. Supp. 3d ___, 2020 WL 2745247, at *15 (D.N.J. May 27, 2020) (citing Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012)).

7

of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

The Third Circuit has held that prisoners may use § 2241 to challenge their convictions only after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)). "It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no

8

earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Id.

Petitioner fails the first requirement because he does not argue that he is innocent of the drug offense to which he pled guilty. Instead, he asserts that intervening Supreme Court cases require a reduction in his sentence because he no longer qualifies as a career offender. See ECF Nos. 1 & 11. This claim does not fall within the Dorsainvil exception. See United States v. Rutherford, 757 F. App'x 83, 85 (3d Cir. 2018) (per curiam) ("We have not decided whether § 2241 is appropriate for bringing a claim that one is 'innocent' of career offender status."); Scott v. Shartle, 574 F. App'x 152, 155 (3d Cir. 2014) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in In re Dorsainvil and cannot proceed under § 2241."). See also United States v. Folk, 954 F.3d 597, 604 (3d Cir. 2020) ("Even when based on an incorrect advisory career-offender enhancement, a sentence within the statutory maximum is lawful.").

Petitioner also fails the second Bruce requirement. Petitioner raised his Mathis argument in a motion for permission to file a second or successive § 2255 motion before the Second Circuit. James v. United States, No. 17-1972 (2d Cir. filed

9

June 23, 2017).  The Second Circuit denied that request.  Id. (Aug. 24, 2017) (ECF No. 23).  "Section 2255 is not inadequate or ineffective merely because . . . the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).  The Court lacks jurisdiction over Petitioner's arguments because he has not satisfied the requirements set forth by the Third Circuit for filing a § 2241 petition.[3]

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  The Court declines to transfer this action to the Second Circuit as Petitioner has already filed an application under 28 U.S.C. § 2244 and does not appear to be able to meet the requirements under § 2255(h).  Nothing in this opinion, however, should be construed as prohibiting

---

[3] Petitioner raises a new argument in his opposition papers that his guilty plea is invalid due to errors at the Rule 11 hearing. ECF No. 20 at 3-4.  "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."  Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (internal quotation marks omitted) (alteration in original).  Moreover, the Court lacks jurisdiction over the claim for the reasons set forth in this Opinion.

10

Petitioner from asking the Second Circuit for permission to file on his own should he so choose.

III. CONCLUSION

For the foregoing reasons, the motion to dismiss for lack of jurisdiction the petition brought pursuant to 28 U.S.C. § 2241 will be granted.

An appropriate order will be entered.

Dated: June 1, 2020          s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.